## (January 10, 1972)

JOSEPH EINBINDER, Appellant, v. ARTHUR ANCOWITZ, Respondent.— In an action for a judgment declaring that an agreement for the sale of an interest in a shopping center was a usurious transaction and void and to compel redelivery to plaintiff of certain corporate stock, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated May 17, 1971, which dismissed the complaint on the merits after a nonjury trial. Judgment modified, on the law, by adding a provision thereto declaring that the agreement between the parties was not usurious and void and that plaintiff is not entitled to a mandatory injunction directing the redelivery of the subject corporate stock. As so modified, judgment affirmed, without costs. The findings of fact below are affirmed. In our opinion, the trial court was correct in its determination that plaintiff had not met the burden of proof imposed on him, that the conflicting evidence precluded a finding that the transaction was tainted by usury and that therefore plaintiff was not entitled to a retransfer and redelivery of the Tidewater Properties, Inc., stock formerly owned by him. However, since this was an action for a declaratory judgment, the complaint should not have been dismissed merely because plaintiff was not entitled to the declaration sought by him. The trial court should have made a declaration of the rights of the parties with respect to the subject matter of the litigation (*Lanza* v. *Wagner*,

11 N Y 2d 317, 334; *Cohen* v. *Hockfeld,* 36 A D 2d 630). Hopkins, Acting P. J., Munder, Martuscello, Latham and Christ, JJ., concur.